IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK L. CUNNINGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 11-393 |
| | ) | Judge Schwab |
| v. | ) | Magistrate Judge Kelly |
| | ) | |
| WESTMORELAND COUNTY PRISON | ) | |
| & MAIL HANDLERS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that Defendants' Motion to Dismiss (Doc. 19) be granted with prejudice in part, and without prejudice in part.

### II. REPORT

Derrick L. Cunningham ("Plaintiff") currently is an inmate confined to the State Correctional Institution at Greene ("SCI-Greene"), in Waynesburg Pennsylvania. Plaintiff brings this cause of action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, *et seq*. In his complaint, Plaintiff alleges violations of his rights under the First, Sixth, and Fourteenth Amendments to the Constitution of the United States. (Doc. 3 at 2); (Doc. 3-1 ¶ 2). Plaintiff also asks this Court to bring criminal charges against Defendant Westmoreland County Prison.

This suit commenced with Plaintiff's placing of the complaint in the prison mail system on March 23, 2011. (Doc. 1-3 at 4). Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") on March 25, 2011. (Doc. 2).

A. **Plaintiff's Factual Allegations**

Plaintiff alleges that he was the victim of assault and deficient medical treatment between October 6 and 12, 2008, and (Doc. 3-1 ¶¶ 1-5); Plaintiff also alleges that unnamed guards at the Westmoreland County Prison stole thirteen dollars from him on October 6, 2008, while he was in a state of unconsciousness resulting from said alleged assault. Id. ¶ 4. Plaintiff further alleges that he attempted to send a letter to the "judicial conduct board" on October 21, 2010 and that this letter was opened.[1] (Doc. 3 at 2). Plaintiff asked Defendant Hill[2] why it had been opened, to which Defendant Hill allegedly responded "it was an accident." Finally, Plaintiff contends that an attorney attempted to contact him several times while he was at Westmoreland County Prison, but that he never received any of his mailings.[3] Id.

B. **Standard of Review**

When adjudicating a 12(b)(6) motion, a court must accept as true all allegations of the complaint, and all reasonable factual inferences must be viewed in the light most favorable to the Plaintiff. See Angelastro v. Prudential-Bache Sec, Inc., 764 F.2d 939, 944 (3d Cir. 1985). However, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Emp.s' Ret. Sys. v. Chubb Corp., 394

---

[1] In his response to Defendants' Motion to Dismiss, Plaintiff clarifies that this letter had been returned to him because it was sent to an incorrect address. (Doc. 27 at 1).

[2] In his response to Defendants' Motion to Dismiss, Plaintiff describes Defendant Hill as the senior mail handler at the jail. (Doc. 27 at 1). This is consistent with how he names this Defendant in the caption of the complaint. (Doc. 3 at 1).

[3] It appears from Plaintiff's response to the instant motion that the letters which allegedly were sent from this attorney were to inform Plaintiff that he would not be taking Plaintiff's case. (Doc. 27-2 at 1).

F.3d 126, 143 (3d Cir. 2004). Nor must a court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Furthermore, it is not proper for a court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." Assoc.'d Gen. Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

Additionally, a court must dismiss a complaint that does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. This is not to say that the Supreme Court requires "heightened fact pleading of specifics . . . ." Id. at 570. However, "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

When ruling on a 12(b)(6) motion, a court may take into consideration information in addition to the complaint, such as "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. Pension Benefit Guar. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). Moreover, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). Furthermore, even when adjudicating a motion to dismiss for failure to state a claim, courts are permitted to take judicial notice of matters of public record, prior judicial opinions, and official court records. See, e.g., McTernan v. City of York, 577 F.3d 521,

526 (3d Cir. 2009); Carley v. Wheeled Coach, 991 F.2d 1117, 1126 (3d Cir. 1993) (citing Gov't of Virgin Islands v. Testamark, 528 F.2d 742, 743 (3d Cir. 1976)).

A court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. See Haines v. Kerner, 404 U.S. 519, 520 (1972). In a section 1983 action, a court must liberally construe a *pro se* litigant's pleadings and "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). "'Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.'" Higgins, 293 F.3d at 688 (quoting Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)).

Finally, the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint – regardless of whether the plaintiff requests to do so – when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

**C. Discussion**

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. First, the alleged misconduct giving rise to the cause of action must have been committed by a person acting under color of state law; and second, the defendant's conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or

laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), (overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986)).

### 1. **Statute of Limitations**

It is well established that the statute of limitations of any section 1983 claim is the forum state's statute of limitations for personal injury suits. Mumma v. High Spec, Inc., No. 09-4667, 2010 WL 4386718, at *2 (3d Cir. Nov. 5, 2010) (citing Wilson v. Garcia, 471 U.S. 261, 266-67 (1985) (overruled on other grounds)). Here, it is undisputed by Plaintiff that the alleged assault and deficient medical treatment occurred between October 6 and 12, 2008 – well over two years before he placed his complaint in the prison mail system on March 23, 2011. Accordingly, these claims are facially untimely.

It appears that Plaintiff may be attempting to assert that he is entitled to equitable tolling of his claims. Equitable tolling is appropriate only in cases "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Oshiver, 38 F.3d at 1387 (citing School Dist. of City of Allentown v. Marshall, 657 F.2d 16, 19-20 (3d Cir. 1981)); see also LaCava v. Kyler, 398 F.3d 271, 275 (3d Cir. 2005). Equitable tolling is appropriate only where it is "demanded by sound legal principles as well as the interests of justice." LaCava, 398 F.3d at 275 (internal quotes and citations omitted).

Plaintiff does not allege any extraordinary facts or circumstances in his complaint, or in his objections, that would justify the application of equitable tolling to his claims. Moreover this Court takes judicial notice that, in another case in which Plaintiff attempted to raise factual

5

allegations and legal claims that were nearly identical to those of instant lawsuit, Judge Schwab determined that "Plaintiff [has] failed to show entitlement to equitable tolling." Cunningham v. Greensburg Police Dept., No. 11-390, 2011 WL 1626545, at * 1 (W.D. Pa. Apr. 28, 2011). Accordingly, Plaintiff's claims arising out of Defendants' alleged acts or omissions between October 6 and 12, 2008, should be dismissed.

### 2. Mail Claims

Plaintiff makes no allegations that Defendant Hill personally opened his letter to the "judicial conduct board," or that he intercepted or otherwise interfered with his mail.[4] Instead, Plaintiff's allegations against Defendant Hill appear to be based on his position as a senior mail handler who was "in charge of the mail[.]" (Doc. 3-1 at 1).

It is well established that no liability exists under section 1983 solely by means of vicarious liability or *respondeat superior*. Shaw v. Stackhouse, 920 F.2d 1135, 1147 (3d Cir. 1990). Instead, in order for section 1983 liability to attach, a plaintiff must show that a defendant was personally involved in the deprivation of his or her federal rights. See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). In cases involving a supervisory or reviewing defendant, personal involvement may be shown through "'allegations of personal direction or of actual knowledge and acquiescence.'" Id. at 353 (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988)).

In cases where a supervising official knowingly permits a continuing custom or policy that results in harm to a plaintiff, section 1983 liability may attach. See Colburn v. Upper Darby

---

[4] This deficiency alone is sufficient for Plaintiff's claims against Defendant Hill to be dismissed. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (requiring a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face.")

Twp., 838 F.2d 663, 673 (3d Cir. 1988) (overruled in part on other grounds by Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993)). However, at a minimum, such liability attaches "'only where there are both (1) contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents, and (2) circumstances under which the supervisor's inaction could be found to have communicated a message of approval to the offending subordinate.'" Colburn, 838 F.2d at 673 (quoting Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986)). Importantly, the denial of a grievance or mere concurrence in an administrative appeal process is insufficient to establish personal involvement. See, e.g., Jefferson v. Wolfe, No. 04-44, 2006 WL 1947721, at *17 (W.D. Pa. July 11, 2006) (citing Watkins v. Horn, No. CIV.A. 96-4129, 1997 WL 566080, at *4 (E.D. Pa. Sept. 5, 1997)); see also Pressley v. Beard, 255 F. App'x 216, 218 (3d Cir. 2008) (affirming the dismissal of supervisory officials who merely failed to take corrective actions when grievances or investigations were referred to them); see also Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) (holding that a state's inmate grievance procedure did not give rise to a liberty interest protected by the Due Process Clause).

Based on the above analysis, Plaintiff's claims against Defendant Hill with respect to the alleged opening of a single letter should be dismissed, as Plaintiff has failed to allege any personal involvement of this Defendant. Further, even if Plaintiff were to allege that Defendant Hill was involved in the opening of his letter to the "judicial conduct board," and that such an act were somehow improper, he still would fail in stating a constitutional claim. It is well-established that single, inadvertent opening of properly marked legal mail outside of an inmate's presence does not infringe his First Amendment rights. Bieregu v. Reno, 59 F.3d 1445, 1458 (3d Cir. 1995) (abrogated on other grounds by Lewis v. Casey, 518 U.S. 343 (1996)). As

7

such, it is clear that any leave to amend this claim would be futile, and thus dismissal will be with prejudice.

With respect to Plaintiff's claim that he did not receive mail sent by an attorney, Plaintiff makes no allegations of any Defendant's personal involvement. Additionally, it is unclear from the complaint whether Plaintiff seeks damages because he believes that someone withheld his mail while he was still at Westmoreland County Prison, or whether his mail simply was not forwarded to him after he was transferred to another institution.[5] See (Doc 27 at 1) (alleging that "[n]o legal mail was forwarded to [Plaintiff] at SCI Pittsburgh, Camp Hill, nor SCI Chester"). Indeed, Plaintiff does not allege that his legal mail was withheld at all – instead, he merely indicates that he received no mail. Furthermore, to the extent that Plaintiff is attempting to state a claim for denial of access to the courts due to any possible interference with his mail, Plaintiff has failed to meet the pleading requirements for such a claim, as dictated by the Supreme Court in Christopher v. Harbury. 536 U.S. 403, 415 (2002). As a result, Plaintiff has failed to plead a plausible claim for relief based on the mail that he allegedly failed to receive, and this claim should be dismissed. However, as it is not absolutely clear that it would be futile to do so, and out of an abundance of caution, leave to amend this particular claim should be granted.

---

[5] See, e.g., Cunningham v. Greensburg Police Dept., No. 11-390, 2011 WL 1626545, at * 1 (W.D. Pa. Apr. 28, 2011), a related case brought by Plaintiff based on nearly identical allegations, in which Judge Schwab admonished Plaintiff for not keeping his prospective attorney aware of his changes of address.

### 3. Grievance Claims[6]

Prisoners do not have a constitutional right to prison grievance procedures. See, e.g., Heleva v. Kramer, 214 F. App'x 244, 247 (3d Cir. 2007) (citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)). Allegations that any Defendant ignored or failed to respond properly to one of Plaintiff's grievances, at worst, would abrogate the need to exhaust administrative remedies with respect to the underlying claim. Accordingly, all claims raised against Defendants for denying Plaintiff's requests to file grievances should be dismissed, as they are not cognizable under § 1983.

### 4. Municipal Claims

It is well-established that jail facilities are not persons for the purposes of section 1983 liability. See, e.g., Monroe v. Mullooley, No 10-1208, 2011 WL 337333, at * 1 (W.D. Pa. Feb. 3, 2011) (Ambrose, J.). Instead, such a facility merely is a sub-unit of the political subdivision that runs it – in this case, Westmoreland County, Pennsylvania. Id.

A "local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell v. Dep't of Soc. Serv., 436 U.S. 658, 694 (1978). Instead, in

---

[6] Despite the fact that Defendants do not address this claim in their brief, it still is proper for this Court to do so *sua sponte*. 28 U.S.C.§ 1915 requires the federal courts to review complaints filed by persons that are proceeding IFP and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Thus, a court must dismiss, *sua sponte*, a claim that lacks arguable merit in fact or law. Stackhouse v. Crocker, 266 F. App'x 189, 190 (3d Cir. 2008) (citing Neitzke v. Williams, 490 U.S. 319, 325 (1989)). The standard for reviewing a complaint under this section 1915(e)(2)(B) is the same as that for determining a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999); see also Banks v. Mozingo, No. 08-004, 2009 WL 497572, at *6 (W.D. Pa. Feb. 26, 2009) (Cercone, J.).

9

order to state a claim of municipal liability under section 1983, a plaintiff must allege that he or she was subject to a constitutional violation as the result of some identifiable official custom or policy of a municipality. Faylor v. Szupper, 411 F. App'x 525, 530-31 (3d Cir. 2011) (citing Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998)). Additionally, a plaintiff must establish that the municipality was the moving force behind his alleged injury. Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown, 520 U.S 397, 405 (1997). This means that the "plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." Id. (citations omitted).

Here, Plaintiff fails to allege any custom or policy of Westmoreland County by which Defendants allegedly violated his constitutional rights. Indeed, Plaintiff has failed to properly plead that his rights were violated, in any way, with respect to his mail. Accordingly, his claims based on a theory of municipal liability should be dismissed. As it is clear that it would be futile to grant leave to amend, dismissal should be with prejudice

### 5. Criminal Charges

It has long been recognized that the Federal Rules of Criminal Procedure do not permit the filing of private criminal complaints – instead, only the United States Attorney may file charges in federal court. See, e.g., United States v. Panza, 381 F. Supp. 1133, 1133-34 (W.D. Pa. 1974). Accordingly, Plaintiff's request that criminal charges be filed against Defendants should be denied.

## III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that Defendants' Motion to Dismiss (Doc. 19) be granted with prejudice in part, and without prejudice in part. It is further recommended that Plaintiff's claims be disposed of in the following manner:

(1) Plaintiff's claims involving mail allegedly sent from a prospective attorney should be dismissed without prejudice, and leave to file an amended complaint with respect to these claims should be granted; and

(2) All of Plaintiff's remaining claims should be dismissed with prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. ' 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

                                                               s/Maureen P. Kelly
                                                               MAUREEN P. KELLY
                                                               UNITED STATES MAGISTRATE JUDGE

Date: February 3, 2012

cc:
**DERRICK L. CUNNINGHAM**
JU3758
SCI Greene
175 Progress Drive
Waynesburg, PA 15370